United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41679
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JAVIER REYNA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(L-02-CR-378)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Javier Reyna appeals from the denial of a motion to suppress following his conviction for possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At issue is whether a Border Patrol Agent had reasonable suspicion to stop Juan Javier Reyna's vehicle, leading to Reyna's conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No authority need be cited for our two-tier standard of review for suppression rulings:  findings of fact are accepted unless clearly erroneous; the ruling on the constitutionality of the contested conduct is reviewed *de novo*; and the evidence presented at the suppression hearing is viewed in the light most favorable to the prevailing party.

A Border Patrol Agent conducting a roving patrol may make a temporary investigative stop of a vehicle if the Agent is aware of "specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion" that the vehicle's occupant is engaged in criminal activity.  ***United States v. Brignoni-Ponce***, 422 U.S. 873, 884 (1975); *see also* ***United States v. Cortez***, 449 U.S. 411, 421-22 (1981).  In determining whether a reasonable suspicion exists, courts look to the totality of the circumstances surrounding the stop.  *E.g.,* ***United States v. Espinosa-Alvarado***, 302 F.3d 304, 306 (5th Cir.), *cert. denied*, 537 U.S. 1094 (2002).  The district court concluded:  the area in which the stop took place was known for illegal activity; the Agent saw two vehicles traveling in tandem, and his experience taught him that vehicles engaged in smuggling almost always travel in tandem while other vehicles in the area almost never do; the Agent, familiar with the area and its usual traffic, did not recognize either of the two vehicles; both vehicles had bed covers which were not used by those who regularly used the road, but which made it

2

possible to conceal cargo; and, prior to the stop, another Agent had reported to the Agent conducting the stop that the driver of the stopped vehicle was "looking all around".  A review of the suppression hearing demonstrates that these findings are not clearly erroneous.

It also appears that the district judge made an additional important finding:  the Border Patrol Agent had observed that Reyna's vehicle was riding low, as if carrying a heavy weight. Although the district judge acknowledged evidence contradicting this claim, he appeared to find that the Agent testified truthfully to his observations.  In any event, viewing the hearing evidence in the light most favorable to the Government, we conclude that the Agent did observe that Reyna's vehicle appeared to be carrying a heavy weight.  Reviewing *de novo* the district court's resolution of Reyna's motion to suppress, we agree that the facts recited above, when viewed in their totality, would give rise to a reasonable suspicion.  *E.g., **United States v. Aldaco***, 168 F.3d 148, 151-52 (5th Cir. 1999) (road's reputation for smuggling adds to reasonableness of suspicion); ***United States v. Morales***, 191 F.3d 602, 604 (5th Cir. 1999), *cert. denied sub nom.* ***Chacon Morales v. United States***, 528 U.S. 1177 (2000) (agent's experience is important in determining reasonableness of suspicion); ***United States v. Orozco***, 191 F.3d 578, 582 (5th Cir. 1999), *cert. denied sub nom.* ***Gutierrez-Orozco v. United States***, 528 U.S. 1144 (2000)

(appearance of vehicle, "most notably" that it appeared to be heavily-loaded, added to reasonableness of suspicion).

                                                                        *AFFIRMED*

4